# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL KOVALENKO,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:17-cv-0166 - JLT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A THIRD EXTENSION OF TIME WITHOUT PREJUDICE |

On May 18, 2018, the parties filed a stipulation for Plaintiff to have an extension of time file a reply to Defendant's opposition to the motion for summary judgment. (Doc. 25)

The Scheduling Order allows for a single extension of thirty days by the stipulation of the parties (Doc. 10-1 at 4), which was previously used by Plaintiff in this action. (Docs. 19, 20) Beyond the single extension by stipulation, "requests to modify [the scheduling] order must be made by written motion and will be granted only for good cause." (Doc. 10-1 at 4) Accordingly, the Court construes the stipulation of the parties to be a motion to amend the Scheduling Order.

Defendant filed her opposition to the motion on April 27, 2018. (Doc. 24) Pursuant to the deadlines ordered by the Court, Plaintiff was to file any reply within fifteen days (Doc. 10-4), or no later than May 14, 2018, as the deadline fell upon a Saturday. However, Plaintiff delayed seeking an extension until May 18, 2018, without any explanation. Instead, Plaintiff merely asserted he was seeking "a first extension of seven business days that should not significantly prejudice the parties or

1

the Court," and requested an amended deadline of May 23, 2018.[1]  (Doc. 25 at 1)  However, this fails to satisfy the good cause required both by the Court's Scheduling Order and Rule 16 of the Federal Rules of Civil Procedure after the deadline has passed.

As the Ninth Circuit stated, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Rather, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  Because Plaintiff offers no reason either for missing the deadline or for the need of an extension, the Court is unable to find good cause exists for the extension at this time.

Accordingly, the Court **ORDERS**: Plaintiff's request for an extension of time is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **May 21, 2018**               /s/ Jennifer L. Thurston
                                                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to Plaintiff's assertion, this is the *third* extension requested, not the first.  (See Docs. 19-20, 22-23)